UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OSCAR ORELLANA GUEVARA,<br><br>Defendant. | Case No. 1:21-cr-00051-BLW-BAM<br>Case No. 1:22-cr-00232-BLW-BAM<br><br>**MEMORANDUM DECISION ORDER** |

## INTRODUCTION

Before the Court is the Government's Motion to Dismiss Without Prejudice in Light of Indictment Under New Case Number (Dkt. 110) and Defendant's Objection to the Government's Motion to Dismiss Case No. 1:21-cr-00051 and Objection to Joinder and Inclusion Into Case No. 1:22-cr-00232 (Dkt. 118). The Court finds that no hearing is necessary, and the matter is fit for resolution on the briefing. For the reasons explained below, the Court will grant the Motion and dismiss the present case without prejudice.

## BACKGROUND

Defendant Oscar Orellana Guevaras was indicted in case number 1:21-cr-00051 ("2021 Case") in February 2021 for Assault with a Dangerous Weapon in Aid of Racketeering and Conspiracy to Commit Assault with a Dangerous Weapon

in Aid of Racketeering. Dkt. 13. He is alleged to be a member of the organization MS-13 in Mendota, California. Trial was repeatedly continued due to the COVID-19 pandemic and because defense counsel required more time to review discovery. In August 2024, the Government filed a Notice of Related Cases connecting the 2021 Case against Mr. Orellana Guevara to the case *United States v. Leiva-Leiva et al.*, No. 1:22-cr-00232 ("2022 Case"). Over his objections, the cases were declared related. Dkt. 87.

In February 2025, the Government filed a Second Superseding Indictment in the 2022 Case, naming Mr. Orellana Guevara as a defendant. There, he is charged with Conspiracy to Participate in a Racketeering Enterprise and Attempted Murder in Aid of Racketeering, with the latter count based on the same conduct that was initially charged in the present action. Ten other defendants are also named in the Second Superseding Indictment. Except for Mr. Orellana Guevara, all are charged with Murder in Aid of Racketeering—a capital offense—in addition to Conspiracy to Participate in a Racketeering Enterprise. Mr. Orellana Guevara was arraigned in that action on March 12, 2025.

Two days later, the Government moved to dismiss the 2021 Case without prejudice in light of the indictment in the 2022 Case. Dkt. 110. Mr. Orellana Guevara objected to the motion to dismiss and to his joinder and inclusion in the 2022 Case.

## ANALYSIS

The Court will address a procedural question concerning Mr. Orellana Guevara's objection before turning to the substance of the matter. The objection is filed in both the 2021 Case as a response to the Government's motion to dismiss, and in the 2022 Case as an objection to joinder and inclusion. The procedural posture of the objection in the 2022 Case is not entirely clear, and the Court will decline to construe it as a motion for severance given this ambiguity. Accordingly, the following analysis considers only the standard for a motion to dismiss by the Government.

When a defendant faces two indictments for the same offense, "[t]he state can only proceed upon one of them, but may elect upon which it will proceed." *Thompson v. United States*, 202 F. 401, 404 (9th Cir. 1913). Under Federal Rule of Criminal Procedure 48(a), the Government must obtain leave from the court to dismiss an indictment. However, the court is "duty-bound to honor the request" when the Government seeks a Rule 48 dismissal in good faith. *United States v. Hayden*, 860 F.3d 1483, 1488 (9th Cir. 1988). Denial is appropriate only when the Government requests dismissal for an "improper purpose," for instance "if that motion is prompted by considerations clearly contrary to the public interest or if the dismissal would contribute to prosecutorial harassment by subjecting a

defendant to charging, dismissing, and recharging." *Id.* at 1487 n.6; *United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1988) (internal citations omitted).

Here, Mr. Orellana Guevara objects to the dismissal of the 2021 Case only because his joinder in the 2022 Case is potentially prejudicial due to the gravity of the charges against his codefendants. He does not allege any bad faith on the part of the Government, and the Court finds no evidence of such impropriety. To the contrary, the Government's actions appear to be a standard way to address overlapping indictments in a complex multi-defendant prosecution. Although Mr. Orellana Guevara raises genuine concerns regarding potential prejudice from a joint trial with his co-defendants, the proper recourse is a motion to sever under Rule 14. The Court will carefully consider such a motion—due by August 8, 2025, pursuant to the Scheduling Order in the 2022 Case—but there is no justification for denying the Government's motion to dismiss.

## ORDER

Accordingly, IT IS SO ORDERED that case 1:21-cr-00051-BLW-BAM be dismissed without prejudice pursuant to government motion under Fed. R. Crim P. 48(a), it being superseded in another case by the Second Superseding Indictment in case 2:22-cr-00232-BLW-BAM.



DATED: May 1, 2025

B. Lynn Winmill
U.S. District Court Judge